QUINCE, Judge.
Craig Lewis challenges the Department of Business and Professional Regulation’s suspension of his contractor’s license. Our review of the Department’s actions convinces us that, on the evidence presented, the Department was within its authority in suspending Lewis’ license. Accordingly, we affirm.
The dispute in this case arises from Lewis’ role as a qualifying agent for the now bankrupt Liberty Realty & Development, Inc. A qualifying agent is a person who holds the construction license through which a contracting company operates. A qualifying agent is responsible for supervising, directing, managing and controlling construction activities. § 489.105(4), Fla. Stat. (Supp.1996).
In mid 1995 Liberty ceased performance on a building contract which it had with William and Katherine Walden. Lewis was not a party to the contract with the Waldens. The Waldens sued Liberty and obtained a judgment against it. In response, Liberty filed for bankruptcy. Thereafter, the Wal-dens filed an administrative complaint against Lewis, alleging violations of certain local and state building regulations, based on his status as Liberty’s qualifying agent. The Department entered a final order adopting the allegations set forth in the administrative complaint, ordered Lewis to pay a fine and costs, and ordered Lewis to satisfy the civil judgment against Liberty within ten months of the date of the final order. To assure payment, the Department ordered suspension of Lewis’ contractor’s license if satisfaction was not made in the time specified. Lewis did not object to the imposition of any of these conditions.
Thereafter, Lewis contacted the Department, advised it that Liberty’s debts, including the Waldens’ judgment, had been discharged in bankruptcy, and attempted to confirm that the discharge of the Waldens’ claim in bankruptcy complied with the condition that Lewis “satisfy” the Waldens’ judgment. The Department argued that Lewis failed to show that he was a party to the bankruptcy and refused to release Lewis from the obligation to satisfy the Waldens’ judgment.
Section 489.129(1)(r), Florida Statutes (Supp.1996), provides in pertinent part that revocation of a qualifying agent’s license is an authorized penalty when the agent is found guilty of:
Failing to satisfy within a reasonable time, the terms of a civil judgment obtained against the licensee, or the business organization qualified by the licensee, relating to the practice of the licensee’s profession.
The Waldens obtained a judgment against Liberty, the company for which Lewis acted as a qualifying agent. Thus, under the plain language of the statute, the Department was within its statutory authority to require Lewis to satisfy the Waldens’ judgment.
The Department was also within its authority to refuse to reinstate Lewis’ license based on the evidence presented. Our review of the record reflects that Lewis has *575 only provided the Department with evidence that Liberty filed bankruptcy. This is not the same as evidence that the claim was discharged in bankruptcy. In order to establish discharge in bankruptcy, Lewis must produce documentation from the Bankruptcy Court confirming that the Waldens’ debt was allowed under the Bankruptcy Code. 11 U.S.C. § 502(a) (1994). If the debt to the Waldens was discharged in Liberty’s bankruptcy, the judgment is void and cannot be used by the government to suspend the license of a person with whom the bankrupt has been associated. 11 U.S.C. §§ 524(a)(1), 525(a) (1994).
We hold that, based on the evidence presented to the Department, it did not err in denying Lewis the requested relief. Absent valid documentation discharging the judgment debt, the Department was within its rights to hold Lewis to his statutory obligation. However, upon proof by Lewis of a final discharge of the Waldens’ debt in bankruptcy, the obligation to satisfy the Waldens’ debt would be met and reinstatement of Lewis’ license would be appropriate.
Affirmed.
PARKER, C.J. and CAMPBELL, J., concur.